DECISION.
In March of 1996, Sylvia Huff retained defendant-appellant Doris Houser Allen, an attorney, to aid her in procuring custody of her children. Huff told Allen that Dwayne Harris, the father of three of Huff's children, had just been released from prison and had recently attempted to see his children at their school. Allen advised Huff to file an affidavit for domestic violence against Harris in order to obtain custody of her children. Allen then dictated the affidavit and asked Huff to sign it. Huff indicated to Allen that the affidavit was untrue with respect to at least two material representations: that Harris had threatened Huff or the children during his visit to their school, and that Harris had appeared to be armed during the encounter. Allen advised Huff to sign the affidavit nonetheless, which Huff did. Allen filed it, and Harris was subsequently arrested and taken into custody on the basis of the affidavit. Huff admitted in court that the affidavit was false and stated that Allen had dictated it and advised her to sign it, knowing that it was false.
Allen's conduct became the basis of a grievance hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. During the hearing, Allen admitted that she had knowingly filed a false affidavit on Huff's behalf, but claimed that she had done so to protect Huff and her children from Harris. The Supreme Court of Ohio dismissed the grievance against Allen on August 5, 1998. Allen was then indicted on criminal charges of perjury, tampering with evidence, and tampering with records, in violation of R.C. 2921.11(A),2921.12(A)(2), and 2913.42(A)(1), on October 20, 1998. A jury found Allen guilty on all counts. The trial court merged the tampering-with-records and tampering-with-evidence counts into the perjury count, and sentenced Allen to one year in the Ohio Department of Corrections. Allen has appealed her conviction, raising ten assignments of error. Because we find none of them to be well taken, we affirm the judgment of the trial court.
Allen's first assignment of error attacks the trial court's denial of her motion to dismiss and her motion for acquittal. The basis for these motions was Allen's assertion that her criminal trial violated the constitutional prohibition against double jeopardy, since the conduct forming the basis of the trial was the same conduct that had formed the basis of the grievance hearing. Allen's assertion, however, overlooks the fact that the "risk to which the [Double Jeopardy] [C]lause refers is not present in proceedings that are not `essentially criminal.'"[1]
Allen's grievance hearing was not a criminal prosecution. Furthermore, the hearing was not intended to, nor did it impose, punishment. "In [a] disciplinary matter, the primary purpose is not to punish an offender; it is to protect the public against members of the bar who are unworthy of the trust and confidence essential to the relationship of attorney and client."[2]
The doctrine of collateral estoppel was similarly inapplicable because there was no privity of parties, and because the issues in the two proceedings were not the same.[3] The state was not a party to Allen's grievance hearing, and as we noted above, the hearing was not a criminal prosecution. In determining whether disciplinary procedures are appropriate, the Supreme Court of Ohio takes into consideration factors other than those relevant to the commission of a crime. An attorney's conduct need not be criminal to subject him to disciplinary procedures, and, as in this case, not all criminal conduct will result in a disciplinary sanction against the attorney. Allen's first assignment of error is overruled.
In her second assignment of error, Allen argues that the trial court erred in overruling her motion for a new trial. At the outset, it should be noted that a ruling on a motion for new trial generally rests within the sound discretion of the trial court, and absent a clear showing of an abuse of discretion, the ruling will not be reversed on appeal.[4] Allen based her motion for a new trial on the state's failure to inform the defense about the prior criminal conviction of one of the state's witnesses, Lisa Fairall. Even if this failure constituted error, which we do not decide, there was substantial other evidence to support the guilty verdicts. Therefore, any error was harmless.[5] Fairall's testimony was not dispositive of the issue of guilt. Contrary to Allen's assertions, Fairall's testimony did not constitute the independent corroboration necessary for a conviction of perjury under R.C. 2921.11(E). Allen's own testimony accomplished this; Allen admitted that she knew that the affidavit contained false information. Allen's testimony corroborated Huff's testimony, and it made the statements of Lisa Fairall unnecessary to a determination of guilt. Allen's second assignment of error is overruled.
Allen next argues that the judgment entered by the trial court was based on insufficient evidence and went against the manifest weight of the evidence, and that the trial court erred in not granting her motion for acquittal pursuant to Crim.R. 29. Whether the evidence is legally sufficient to sustain a verdict is a question of law, while a determination that the verdict is against the manifest weight of the evidence is based on the probity and credibility of the evidence.[6]
The record in this case contains sufficient evidence as a matter of law to support the jury's finding that Allen committed perjury. Allen's own statements regarding the affidavit she filed on behalf of Huff constituted sufficient evidence of guilt. Furthermore, these statements provided credible, probative evidence of Allen's guilt. Allen argues at length that the testimony of Huff, her mother, and her friend, Fairall, contained inconsistencies and therefore lacked credibility, and that Huff lied to avoid a perjury charge herself. Even if all of this were true, it would not negate Allen's admission that two material statements in the affidavit were not consistent with what Huff told Allen at the time the affidavit was filed. Allen admitted at trial that Huff never specifically told her that Harris had threatened her and the children at their school, or that he was armed. On appeal, Allen wants to convince this court that the statements in the affidavit were nonetheless true because Huff "felt threatened," and because, based on Harris's prior conviction for felonious assault with a gun specification, it could reasonably have been inferred that he was armed and dangerous. We are not persuaded. Allen's testimony at trial, together with her testimony at the grievance hearing (portions of which were read into evidence), provided substantial evidence to demonstrate all the elements of perjury, and that evidence was of sufficient probative value to sustain the conviction.[7] Allen's third, fourth and fifth assignments of error are overruled.
In her sixth and seventh assignments of error, Allen asserts that the trial court erred in overruling her motion in limine, in admitting portions of her testimony at the grievance hearing, and in denying her motion to admit the balance of her statements at the hearing. The trial court did not err in admitting a portion of Allen's statements at the hearing; the statements constituted admissions by a party-opponent.[8]
However, the trial court did err in not allowing Allen to introduce into evidence the balance of her statements at the hearing.[9] After a thorough review of the record, however, we hold that the error was harmless because Allen suffered no prejudice as a result of the exclusion of a portion of the statements. Allen was given the opportunity at trial to explain her inculpatory statements and to put them into context. She was also able to explain the circumstances surrounding her criminal conduct and her motives for engaging in it. The admission of Allen's statements in their entirety would not have provided any greater context for or explanation of the events than Allen herself actually gave to the jury. Therefore, Allen's sixth and seventh assignments of error are overruled.
In her eighth assignment of error, Allen argues that she was denied her Sixth Amendment right to counsel because the trial court instructed her not to consult with counsel during a break in her testimony. A defendant has no constitutional right to consult with her lawyer while she is testifying.[10] The trial court's admonition was given to all parties and was proper. Allen's eighth assignment of error is overruled.
Allen's ninth assignment of error also lacks merit. Allen claims that the prosecutor's reference in closing argument to procedures in juvenile court that would have protected Huff's children was an impermissible reference to evidence outside of the record. The record demonstrates, however, that, during the trial, the prosecutor challenged Allen's repeated assertion that filing the false affidavit was the only way to protect Huff and her children by pointing to an alternative process available in juvenile court. Any reference made by the prosecutor in closing argument was therefore made on the basis of evidence already contained in the record. Allen's ninth assignment of error is overruled.
Finally, Allen asserts that her sentence violates due process and the Eighth Amendment protection against cruel and unusual punishment. Again, this assignment of error lacks merit. Allen has failed to show that the trial court abused its discretion, or that it failed to consider the sentencing guidelines set forth in R.C. 2929.13.[11] Furthermore, the trial court merged all counts into the perjury count and sentenced Allen to the minimum sentence of one year for that offense. Allen's tenth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
[1] State v. Gustafson (1996), 76 Ohio St.3d 425, 435,668 N.E.2d 435, 443, citing Breed v. Jones (1975), 421 U.S. 519, 528,95 S.Ct. 1779, 1785.
[2] Ohio State Bar Assn. v. Weaver (1975), 41 Ohio St.2d 97,322 N.E.2d 665, citing In re Pennica (1962), 36 N.J. 401,177 A.2d 721.
[3] Weaver, supra; see, also, Wilson v. Hatter (June 23, 1986), Warren App. No. CA85-04-014, unreported.
[4] State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of syllabus.
[5] State v. Webb (1994), 70 Ohio St.3d 325, 335, 638 N.E.2d 1023,1032, certiorari denied (1995), 514 U.S. 1023, 115 S.Ct. 1372; see, also, Crim.R. 52(A).
[6] State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547, reconsideration denied (1997), 79 Ohio St.3d 1451,680 N.E.2d 1023.
[7] State v. Owens (1993), 91 Ohio App.3d 479, 482,632 N.E.2d 1301, 1303, appeal dismissed (1994), 69 Ohio St.3d 1202,630 N.E.2d 373.
[8] Evid.R. 801(D)(2).
[9] Evid.R. 106.
[10] Perry v. Leeke (1989), 488 U.S. 272, 109 S.Ct. 594.
[11] Sentences imposed for offenses committed prior to the enactment of Senate Bill 2 are reviewed under an abuse-of-discretion standard.